## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JOSHUA J. RUFFIN and**                    **CASE NO. 4:11cv344-RH/WCS**
**QUENTEZ R. RUFFIN,**

      **Plaintiffs,**

**v.**

**CITY OF TALLAHASSEE, DOUGLAS**
**CLARK, individually, and IPC**
**INTERNATIONAL CORPORATION,**

      **Defendants.**

_____/

## AMENDED COMPLAINT

Plaintiffs**, JOSHUA J. RUFFIN** and **QUENTEZ R. RUFFIN,** sue Defendants, **CITY OF TALLAHASSEE, DOUGLAS CLARK, individually, and IPC INTERNATIONAL CORPORATION,** and allege:

### JURISDICTION

1.      This is an action involving the violation of Plaintiffs' federal civil rights and contains state causes of action.  The aggregate amount of damages claimed by Plaintiffs against Defendants is in excess of $75,000.00, the jurisdictional amount required for venue in this Court.

2.      This action seeks to redress the deprivation, under color of state law, of rights secured to the Plaintiff by the Fourth Amendment to the Constitution of the United States of America.  State law claims have been included.

3.      The Plaintiffs' claims for relief are predicated upon 42 U.S.C. §1983, in part, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiffs by the Constitution and laws of the United States, and by 42

U.S.C. §1988 which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

4.     Written notices of intent to initiate litigation on Plaintiffs' state law claims asserted herein were submitted to the government Defendants on or about February 7, 2008 pursuant to §768.28(6), Florida Statutes.  No response was received by Plaintiffs, therefore they are deemed denied by operation of law.

**PARTIES**

5.     Plaintiffs, JOSHUA J. RUFFIN and QUENTEZ R. RUFFIN, have been residents of Leon County, Florida. The incidents alleged herein occurred in Leon County and they are *sui juris*.

6.     Defendant, CITY OF TALLAHASSEE (hereinafter "City"), at all times pertinent to this action, employed Defendant Douglas Clark.  Additionally, the Chief of Police Dennis Jones, for the Tallahassee Police Department (hereinafter "TPD") was the top officer for TPD.

7.     Defendant, DOUGLAS CLARK (hereinafter "Clark"), at all times pertinent hereto, was employed by the Tallahassee Police Department as a police officer.  He was also employed with Defendant IPC as a security guard.  He is sued in his individual capacity.

8.     Defendant, IPC INTERNATIONAL CORPORATION (hereinafter "IPC"), at all times pertinent hereto, employed Defendant Clark as a security guard at the Tallahassee Mall and was clothed with the authority of state law by virtue of employing security guards who possessed the power to make arrests.

**FACTS**

9.     Plaintiffs were confronted by Tom Arnold, a security guard working with Defendant IPC, while patronizing the Tallahassee Mall on the evening of July 28, 2007.  Arnold warned Joshua

2

Ruffin about his underwear showing and commented about Quentez Ruffin wearing a tank top while one of the plaintiffs was securing a refund on a previous purchase at Kay Jewelers. Arnold, in conjunction with another mall security guard, subsequently demanded that Plaintiffs and two others with Plaintiffs leave the mall. Plaintiffs complied.

10.    While their car was parked near one of the further exits of the mall, Plaintiff's chose to leave the mall out of the nearest exit in an effort to avoid any further confrontations. Their efforts were in vain. As Plaintiffs walked toward their vehicle in a mall parking lot they were halted by Defendant Clark. The Defendant is or was employed as a police officer for TPD at that time. At the time of this incident, Clark was also working off duty security and had been summoned by the private mall security guards. Mall security had told Clark the Plaintiffs were being disorderly inside the mall. At this point, there was no reason to stop much less detain Plaintiffs as they were leaving the mall as they were doing exactly as they had been instructed to do. Clark then prevented the Plaintiffs from complying with the directive they had been given by Mall security. Instead of allowing the Plaintiffs to leave the premises as instructed, Defendant Clark ordered the Plaintiffs and their two friends to get against the patrol vehicle. Joshua Ruffin immediately complied with Clark's command and Quentez Ruffin asked Clark exactly where he wanted him to go because there was limited room against the vehicle with three others also against the vehicle. Rather than answering the question, Clark responded to Quentez Ruffin's valid question by ordering him to get on his knees on the pavement. While Quentez Ruffin was getting down on his knees as instructed, Joshua Ruffin questioned Defendant Clark as to what was going on. In response, and overreacting again, Clark pulled out his Taser, waived the gun at Plaintiffs, then kicked Joshua Ruffin on his left leg. The force of Defendant's kick knocked Joshua Ruffin to the ground. Joshua Ruffin sustained

3

a wrist injury by virtue of Clark's kick, and also experienced sudden and violent pain in the kicked leg, on which he had a recent surgical operation. Further, when Joshua Ruffin lay on the ground after the kick, he tried to phone his mother for help on his cell phone, but Defendant Clark kicked the phone from his hand. Clark's use of force was inappropriate, unnecessary and vastly excessive because Joshua was not resisting arrest, was not threatening Clark, and did not strike Clark nor was he postured to strike Clark.

11.     In response to Joshua Ruffin yelling in pain, Quentez Ruffin looked over his shoulder while in a half-prone position and told Clark that Joshua Ruffin had recently had an operation on that leg. Instead of responding, Clark pulled his taser and drive stunned Quentez Ruffin, without justification or provocation. Like Plaintiff Joshua Ruffin, Quentez Ruffin did not threaten Clark either physically or verbally. Upon information and belief, Clark tased Quentez Ruffin four separate times on his upper right leg. The tasing left eight separate prong burn marks within the same proximity on Quentez Ruffin's leg. Further evidence that Quentez was not behaving in a violent manner is the fact that Clark charged him with "Resisting Arrest **Without Violence."** The only truth to this charge is the latter part, "without violence."

12.     Clark handcuffed both Plaintiffs and roughly frisked each of them. He had no arguable probable cause for this continued detention of Plaintiffs. During this ordeal, Clark acted frantically and yelled "nigger." Further, Joshua Ruffin had his outer jean shorts, which he wore over a pair of mini shorts, stripped off of him in the public parking lot. Joshua Ruffin was forced to remain in this exposed state for a period of time prior to being placed in the back of a patrol car. When Quentez Ruffin was searched, Defendant Clark removed from his pocket three-hundred dollars in cash, the proceeds of the refund he obtained. When Quentez Ruffin's belongings were

4

subsequently returned to him, only three dollars were returned.  Paramedics arrived on the scene and examined Quentez Ruffin, but not Joshua Ruffin.  The Plaintiffs' mother, Marilyn Ruffin, also arrived on the scene in response to the frantic cellular call by Joshua Ruffin.  Due at least in part to the parties' protests over the situation, a sergeant on the scene instructed Clark to issue a notice to appear to Quentez Ruffin in lieu of a physical arrest.  Defendants further issued trespass warnings to Plaintiffs, banning them from Tallahassee Mall property for one year.

13.     Plaintiffs' mother brought them immediately to Capital Regional Medical Center in Tallahassee after their release from custody.  Joshua Ruffin's hospital records indicate a skin laceration and injuries to his right hand and to his left knee.  Quentez Ruffin suffered back and neck trauma and abrasions.  While not on duty with TPD at the time, Defendant Clark acted as an agent of TPD.  Clark used his police badge as authority to take actions tantamount to an arrest and filed an incident report on the matter through TPD.  Simultaneously, upon information and belief, Clark was being compensated by Defendant IPC for his security guard work and therefore also acted as an agent of Defendant IPC at all times relevant to this matter.  Accordingly, IPC had a duty to properly train Clark on its policies or practices in regards lawful detention and arrest of suspects, excessive force, and lawful use of his taser.  Based on its similar past conduct, Defendant TPD engages in a custom or practice of unlawful excessive force and arrest or continued detention without arguable probable cause.  Defendants TPD and IPC ratified the unconstitutional actions of Clark in that he was not disciplined for his actions, an action showing that TPD and IPC have found that Clark acted consistently with Defendants' policies in falsely arresting and using excessive force against Plaintiffs.

## COUNT I- BATTERY AGAINST DEFENDANT CITY

14.     Paragraphs 1 through 13 are hereby realleged and incorporated herein by reference. This Count is pled in the alternative.

15.     On July 28, 2007, Plaintiffs were battered by Defendant City, through its agents and employees.

16.     Plaintiff is entitled to relief against Defendant City, in that on the occasion mentioned herein, Defendant, through Defendant Clark, while acting within the scope of his employment with Defendant City, without justification or the Plaintiffs' consent, touched Plaintiffs' persons in an offensive and harmful manner, in that Clark battered them, hit them, and caused Plaintiffs to sustain serious injuries.  Defendant,  through its agents and employees, intended to hit, push and otherwise batter the Plaintiffs.  This unlawful touching was also accomplished by Defendant without any justification and in the absence of probable cause to arrest Plaintiffs. Defendant intended to cause harm to Plaintiffs or there was substantial certainty that harm would occur to her.

17.     As a direct and proximate cause of Defendant's actions, Plaintiffs have been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

## COUNT II- BATTERY AGAINST DEFENDANT CLARK

18.     Paragraphs 1 through 13 are hereby realleged and incorporated herein by reference.

19.     This is an action against Defendant Clark for battery. Count II is pled in the alternative.  For the purpose of this Count alone, Defendant Clark was acting outside the course and scope of his duties and employment with Defendant City.

20.     Plaintiffs are entitled to relief against Defendant Clark in that on July 28, 2007, Defendant Clark, without justification or the Plaintiffs' consent, touched Plaintiffs' persons in an offensive and harmful manner, in that he battered them, hit them, and caused them to be injured. This Defendant, as more fully set forth above, intended to hit, push and otherwise batter Plaintiffs. This unlawful touching of Plaintiffs was also accomplished by Defendant without any justification and in the absence of probable cause or any authority of law. Defendant intended to cause harm to Plaintiffs or there was substantial certainty that harm would occur to her.  Clark acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

21.     As a direct and proximate cause of Defendant's actions, Plaintiffs have been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

### COUNT III- EXCESSIVE FORCE/FALSE IMPRISONMENT

22.     Plaintiffs re-allege paragraphs 1-13 above and incorporates those allegations in this Count.  This Count is pled in the alternative and is against Defendants City and Clark.

23.     Defendants operated to violate Plaintiffs rights under the Fourth Amendment to the Constitution of the United States of America, and violated Plaintiff's right to be free from the excessive use of force and from being falsely arrested.  All such claims are applicable to Defendants under the Fourteenth Amendment.

24.     Defendants committed battery against Plaintiffs as described more fully above, without consent or lawful authority.  These Defendants intended to cause this harmful and offensive contact with Plaintiffs in that their harmful acts were deliberate and substantially certain to result in harm and offense.

25.     Defendants operated to violate each Plaintiff's  right not to be subjected to the excessive use of force under the Fourth Amendment to the United States Constitution as guaranteed to Plaintiff by the Constitution of the United States of America.  These violations were of the type and character as to which any reasonable person would be aware.

26.     Defendants also operated to violate each Plaintiff's  right not to be subjected to false arrest under the Fourth Amendment to the United States Constitution as guaranteed to Plaintiffs by the Constitution of the United States of America.  These violations were of the type and character as to which any reasonable person would be aware.  There was no probable cause to arrest Plaintiffs and at the moment the arrest or seizure of the Plaintiffs was made, the facts and circumstances within Defendants' knowledge and of which they had reasonably trustworthy information were not sufficient to warrant a prudent man in believing that Plaintiffs had committed or were committing an offense.

27.     Defendants further operated to violate Plaintiffs' civil rights as protected by The Civil Rights Act, 42 U.S.C. §1983.  Defendants are persons under applicable law.  Defendants are liable,

both jointly and severally, to Plaintiffs for the Defendants' conduct, individually and in concert, to violate the civil rights of Plaintiffs under the Fourth Amendment to the United States Constitution

28.     Defendants exceeded the level of force necessary to enforce compliance with lawful commands and acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

29.     Defendants misused their power, possessed by virtue of state law and made possible only because they were clothed with the authority of state law. The violation of Plaintiffs' rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

30.     The foregoing actions of Defendants were willful, wanton and in reckless disregard of each Plaintiff' rights, and were taken without any lawful justification and/or in the absence of probable cause.  The extreme physical abuse by law enforcement officers of this State is not part of the penalty that citizens have to pay prior to, during and/or after being charged with an offense against society and constitutes a cognizable claim of the excessive use of force in violation of the Fourth Amendment.  Defendants knew or should have known that the amount of force used in effectuating the arrest or seizure of Plaintiffs was excessive given the circumstances present and the clearly established law on use of force.

31.     Based upon the facts presented to Defendants and the applicable law, no reasonable law enforcement officer could have concluded that there existed any probable cause to arrest nor any reasonable cause to batter, abuse, and torture Plaintiffs.  The law was well settled and clearly established that the actions of the Defendants' constituted the false arrest and the excessive use of force under the Fourth Amendment to the United States Constitution at the time the actions by these Defendants were committed.

9

32.     The actions or inactions of these Defendants as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Plaintiffs  when they knew of and disregarded an risk to each Plaintiff's health and safety and thus their actions or inactions constituted the excessive use of force in violation of the Fourth Amendment to The United States Constitution.

33.     Defendant City acted with deliberate indifference in the failure to adopt a policy or in enforcing an improper policy for incidents like those described herein when it was obvious that the likely consequences of not adopting a policy or enforcing an improper policy would be a deprivation of civil rights to persons like Plaintiffs.  This failure to adopt a policy or enforcing an improper policy was the moving force behind the constitutional violations complained of herein.

34.     Defendant City also failed to implement adequate hiring, training, staffing and supervisory procedures to properly identifying suspects of crimes, to identify officers who engage in seizures of citizens without probable cause and who conduct wholly inadequate investigations into whether a crime had occurred, and to identify officers who improperly and illegally use their Tasers against persons, the direct result of which Plaintiffs were falsely arrested and imprisoned and battered and/or excessively shot with a Taser.  Defendant City also failed to implement adequate procedures to investigate constitutional violations by its officers and to impose discipline on officers, specifically Clark, when he engaged in constitutional violations.

35.     Defendant City, through its Chief of Police, has final policy-making authority for the Tallahassee Police Department.  He is responsible for hiring, training, and supervising the law enforcement officers who work under him and, when necessary, for investigating alleged wrongdoing by his employees and disciplining those employees.  At all times referred to herein, the Defendant acted under color of state law and failed to train, supervise, investigate and discipline the

10

individual Defendant as alleged herein.  Defendant's failure to train, supervise, investigate and discipline the individual Defendant constitutes either an improper policy or the absence of a policy of the Defendant City which resulted in the deliberate indifference to the constitutional rights of the Plaintiff.

36.     Defendant City, through Jones, had a deliberately indifferent policy of training that was closely related to the violation of Plaintiffs' federally protected rights.  Specifically and without limitation, Defendant City, through Jones had a deliberately indifferent policy of training its employees such as Clark on the proper use of the Taser, when it was proper to use the Taser to subdue persons like Plaintiff and on the premature use of force.  This deliberate indifference was closely related to the violation of Plaintiffs' right to be free from the unconstitutional use of force.

37.     The physical assaults and battery of Plaintiffs violated the Fourth Amendment's proscription against the excessive use of force.  Defendants misused their power, possessed by virtue of state law and made possible only because these Defendants were clothed with the authority of state law.

38.     As a direct and proximate cause of Defendants' actions, Plaintiffs have been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiffs for the unlawful conduct alleged herein.

39.     Based on the willful and malicious conduct of Defendant Clark, as is set out herein, Plaintiffs are entitled to a substantial award of punitive damages against him sued in his individual capacity.

40.     Plaintiffs have been forced to retain counsel to represent them to vindicate their rights. Pursuant to the provisions of 42 U.S.C. §1988, Plaintiffs are entitled to an award of reasonable attorneys fees and costs.

### COUNT IV- FALSE ARREST/IMPRISONMENT AGAINST DEFENDANT CITY

41.     Paragraphs 1 through 13 are hereby realleged and incorporated herein by reference.

42.     This is an action against Defendant City for false imprisonment/false arrest. Count IV is pled in the alternative.

43.     The Plaintiffs are entitled to relief against Defendant City in that on July 28, 2007, Clark intentionally and unlawfully caused Plaintiffs to be detained and restrained Plaintiffs against their will, deprived Plaintiffs of their liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time.  The actions by the employees and agents of Defendant were committed within the course and scope of their employment with Defendant City.

44.     This unlawful restraint of the Plaintiffs' liberty was also accomplished by Defendant confining Plaintiffs to an area in which the Plaintiffs did not wish to be confined.

45.     Plaintiffs were further restrained by Defendant, through its agents and employees use of coercive words, threats of force as well as actual force, and immediate means of coercion against Plaintiffs, so that the Plaintiffs were restrained and deprived of liberty.  Defendant restrained Plaintiffs without any justification and in the absence of probable cause.  Defendant conducted no independent investigation into whether any criminal conduct had occurred.

46.     At all times material to this action, and at all times during which the Plaintiffs were being unlawfully restrained, the Plaintiffs were restrained against their will, and without consent, so that the Plaintiffs were not free to leave their place of confinement.

47.     As a direct and proximate cause of Defendant's actions, Plaintiffs have been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.  Defendants are jointly and severally liable to Plaintiffs.

**COUNT V- FALSE ARREST/IMPRISONMENT AGAINST DEFENDANT CLARK**

48.     Paragraphs 1 through 13 are hereby realleged and incorporated herein by reference.

49.     This is an action against Defendant Clark in his individual capacity.  Count V is pled in the alternative.  For the purpose of this Count alone, Clark was acting outside the course and scope of his duties and employment with Defendant City.

50.     The Plaintiffs are entitled to relief against Defendant Clark in that this Defendant intentionally and unlawfully detained and restrained Plaintiffs against their will; deprived Plaintiffs of their liberty without any reasonable cause or color of authority; and maintained such complete restraint and deprivation for a period of time.

51.     This unlawful restraint of the Plaintiffs' liberty was also accomplished by Defendant confining Plaintiffs to an area in which the Plaintiffs did not wish to be confined.

52.     Plaintiffs were further restrained by this Defendant's use of coercive words and threats of force as well as actual force, and immediate means of coercion against Plaintiffs, so that

13

the Plaintiffs were restrained and deprived of liberty.  Defendant restrained Plaintiffs without any justification and in the absence of probable cause.  Defendant conducted no independent investigation into whether any criminal conduct had occurred.

53.    At all times material to this action, and at all times during which the Plaintiffs were being unlawfully restrained, the Plaintiffs were restrained against their will, and without consent, so that the Plaintiffs were not free to leave their place of confinement. This Defendant acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

54.    As a direct and proximate cause of these Defendant's actions, Plaintiffs have been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.  Defendants are jointly and severally liable.

### COUNT VI - FALSE ARREST/IMPRISONMENT AGAINST DEFENDANT IPC

55.    Paragraphs 1 through 13 are hereby realleged and incorporated herein by reference.

56.    This is an action against Defendant IPC for false imprisonment/false arrest. Count IV is pled in the alternative.

57.    The Plaintiffs are entitled to relief against Defendant in that on July 28, 2007, Clark and possibly other security personnel employed by Defendant intentionally and unlawfully detained and restrained Plaintiffs against their will, deprived Plaintiffs of their liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time.  The actions by

14

the employees and agents of Defendant were committed within the course and scope of their employment with Defendant.

58.    This unlawful restraint of the Plaintiffs' liberty was also accomplished by Defendant confining Plaintiffs to an area in which the Plaintiffs did not wish to be confined and by compelling the Plaintiffs to go where they did not wish to go.

59.    Plaintiffs were further restrained by Defendant, through its agents and employees use of coercive words, threats of force as well as actual force, and immediate means of coercion against Plaintiffs, so that the Plaintiffs were restrained and deprived of liberty.   Defendant restrained Plaintiffs without any justification and in the absence of probable cause.   Defendant conducted no independent investigation into whether any criminal conduct had occurred.

60.    At all times material to this action, and at all times during which the Plaintiffs were being unlawfully restrained, the Plaintiffs were restrained against their will, and without consent, so that the Plaintiffs were not free to leave their place of confinement.

61.    As a direct and proximate cause of Defendant's actions, Plaintiffs have been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.   These damages have occurred at present, in the past and will most likely occur in the future.   Defendants are jointly and severally liable to Plaintiffs.

## COUNT VII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62.    Plaintiffs re-allege paragraphs 1-13 above and incorporates those allegations in this Count.   This Count is pled in the alternative.

63.     This is an action against Defendant Clark for the conduct described herein, including the victimization of Plaintiffs, persons in this Defendant's charge, the vulgarities shouted at the Plaintiffs at the time of the kicking, battering, and Tasing, and the horrific abuse of persons within Defendant's control, constitutes outrageous conduct that would shock the conscience of a reasonable person, and constitutes the actionable tort of intentional infliction of emotional distress. Defendant Clark's actions were reckless and intentional and they knew or should have known that as a result of their actions, emotional distress would likely result.

64.     As a direct and proximate result of the above unlawful acts and omissions, Plaintiffs sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, because of Defendants' actions, and is therefore entitled to compensatory damages pursuant to the above provisions.

## COUNT VIII - BATTERY AGAINST DEFENDANT IPC

65.     Paragraphs 1 through 13 are hereby realleged and incorporated herein by reference. This Count is pled in the alternative.

66.     On July 28, 2007, Plaintiffs were battered by Defendant Clark.

67.     Plaintiff is entitled to relief against Defendant IPC in that, on the occasion mentioned herein, Defendant IPC, through its agents and employees while acting within the scope of their employment with Defendant, without justification or the Plaintiffs' consent, touched Plaintiffs' persons in an offensive and harmful manner, in that IPC's agents and employees battered them, hit them, and caused Plaintiffs to sustain serious injuries. Defendant, through its agents and employees, intended to hit, push and otherwise batter the Plaintiffs. This unlawful touching was also accomplished by Defendant without any justification and in the absence of probable cause.

16

Defendant intended to cause harm to Plaintiffs or there was substantial certainty that harm would occur to her.

68.     Defendant IPC is liable for the intentional tort of its agent, Defendant Clark, because the actions described herein were committed within the scope and course of Clark's employment with IPC and because the use of force is an inherent aspect of a security guard's employment and/or a security guard is a position in which the employee is likely to create friction with those they encounter.

69.     As a direct and proximate cause of Defendant's actions, Plaintiffs have been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiffs for the unlawful conduct alleged herein.

## COUNT IX - EXCESSIVE FORCE AGAINST DEFENDANT IPC

70.     Plaintiffs re-allege paragraphs 1-13 above and incorporates those allegations in this Count.  This Count is pled in the alternative.

71.     Defendant IPC, through Defendant Clark as its agent and official, operated to violate Plaintiffs rights under the Fourth Amendment to the Constitution of the United States of America, and violated Plaintiffs' right to be free from the  excessive use of force and from being falsely arrested.  All such claims are applicable under the Fourteenth Amendment to Defendant, a private corporation which employs special police officers empowered with arrest authority.

17

72.     Defendant IPC, through its agent Clark, committed battery against Plaintiffs as described more fully above, without consent or lawful authority.  This Defendant intended to cause this harmful and offensive contact with Plaintiffs in that its harmful acts were deliberate and substantially certain to result in harm and offense.

73.     Defendant operated to violate each Plaintiffs' right not to be subjected to the excessive use of force under the Fourth Amendment to the United States Constitution as guaranteed to Plaintiff by the Constitution of the United States of America.  These violations were of the type and character as to which any reasonable person would be aware.

74.     Defendant also operated to violate each Plaintiff's right not to be subjected to false arrest under the Fourth Amendment to the United States Constitution as guaranteed to Plaintiffs by the Constitution of the United States of America.  These violations were of the type and character as to which any reasonable person would be aware.  There was no probable cause to arrest Plaintiffs and at the moment the arrest or seizure of the Plaintiffs was made, the facts and circumstances within Defendant's knowledge and of which it had reasonably trustworthy information were not sufficient to warrant a prudent man in believing that Plaintiffs had committed or were committing an offense.

75.     Defendant further operated to violate Plaintiffs' civil rights as protected by The Civil Rights Act, 42 U.S.C. §1983.  IPC is a person under applicable law.  Defendants are liable, both jointly and severally, to Plaintiffs for the Defendants' conduct, individually and in concert, to violate the civil rights of Plaintiffs under the Fourth Amendment to the United States Constitution

76.     Defendant IPC, through its agents alone and/or engaging in joint action with the government Defendant, exceeded the level of force necessary to enforce compliance with lawful

commands and acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

77.     Defendant misused its power, possessed by virtue of state law and made possible only because it was clothed with the authority of state law because its agents possessed arrest power and/or because it willfully participated with government employees to violate Plaintiffs' civil rights. The violation of Plaintiffs' rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

78.     The foregoing actions of Defendant were willful, wanton and in reckless disregard of each Plaintiff' rights, and were taken without any lawful justification and/or in the absence of probable cause.  The extreme physical abuse by law enforcement officers of this State is not part of the penalty that citizens have to pay prior to, during and/or after being charged with an offense against society and constitutes a cognizable claim of the excessive use of force in violation of the Fourth Amendment.  Defendant knew or should have known that the amount of force used in effectuating the arrest or seizure of Plaintiffs was excessive given the circumstances present and the clearly established law on use of force.

79.     Based upon the facts presented to Defendant and the applicable law, no reasonable law enforcement officer could have concluded that there existed any probable cause to arrest nor any reasonable cause to batter, abuse, and torture Plaintiffs.  The law was well settled and clearly established that the actions of the Defendants' constituted the false arrest and the excessive use of force under the Fourth Amendment to the United States Constitution at the time the actions by these Defendants were committed.

80.     The actions or inactions of these Defendant as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Plaintiffs  when it knew of and disregarded an risk to each Plaintiff's health and safety and thus its actions or inactions constituted the excessive use of force in violation of the Fourth Amendment to The United States Constitution.

81.     Defendant IPC delegated policy making authority to Defendant Clark and gave him the final authority to make arrest and force decisions.  As such, IPC is liable for the actions complained of herein by Clark.

82.     Defendant IPC also failed to implement adequate hiring, training, staffing and supervisory procedures to properly identifying suspects of crimes, to identify officers who engage in seizures of citizens without probable cause and who conduct wholly inadequate investigations into whether a crime had occurred, and to identify officers who improperly and illegally use their Tasers against persons, the direct result of which Plaintiffs were falsely arrested and imprisoned and battered and/or excessively shot with a Taser.  Defendant Jones also failed to implement adequate procedures to investigate constitutional violations by his officers and to impose discipline on officers, specifically Clark, when he engaged in constitutional violations.

83.     Defendant IPC has final policy-making authority over the Tallahassee Mall Security personnel, some of whom are law enforcement officers who dually act on behalf of the Tallahassee Police Department.   Defendant is responsible for hiring, training, and supervising the law enforcement officers who work under him and, when necessary, for investigating alleged wrongdoing by his employees and disciplining those employees.  At all times referred to herein, the Defendant acted under color of state law and failed to train, supervise, investigate and discipline the individual Defendants as alleged herein.  Defendant's failure to train, supervise, investigate and

20

discipline the individual Defendants constitutes either an improper policy or the absence of a policy of Defendant IPC which resulted in the deliberate indifference to the constitutional rights of the Plaintiff.

84.    Defendant IPC had a deliberately indifferent policy of training that was closely related to the violation of Plaintiffs' federally protected rights.   Specifically and without limitation, Defendant had a deliberately indifferent policy of training its security guards and law enforcement personnel such as Clark on the proper use of the Taser, when it was proper to use the Taser to subdue persons like Plaintiff and on the premature use of force.   This deliberate indifference was closely related to the violation of Plaintiffs' right to be free from the unconstitutional use of force.

85.    The physical assaults and battery of Plaintiffs violated the Fourth Amendment's proscription against the excessive use of force.   Defendants misused their power, possessed by virtue of state law and made possible only because these Defendants were clothed with the authority of state law.

86.    As a direct and proximate cause of Defendants' actions, Plaintiffs have been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.   These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiffs for the unlawful conduct alleged herein.

87.    Based on the willful and malicious conduct of Defendant Clark, as is set out herein, Plaintiffs are entitled to a substantial award of punitive damages against him sued in his individual capacity.

88.     Plaintiffs have been forced to retain counsel to represent them to vindicate their rights. Pursuant to the provisions of 42 U.S.C. §1988, Plaintiffs are entitled to an award of reasonable attorneys fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.     That process issue and this Court take jurisdiction over this case;

B.     Judgment against the Defendants and for the Plaintiff awarding compensatory damages against Defendants and punitive damages against Defendant Rackard in his individual capacity for the violations of law enumerated herein;

C.     Prejudgment interest on monetary recovery obtained pursuant to law;

D.     Judgment against the Defendants and for the Plaintiff awarding the Plaintiff reasonable attorneys' fees and costs; and

E.     Such further relief as is equitable and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted,


s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEY FOR PLAINTIFF

22

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been furnished to all counsel of record by CM/ECF this 11th day of August, 2011.


s/Marie A. Mattox
Marie A. Mattox