IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSHUA J. RUFFIN and
QUENTEZ R. RUFFIN,

       Plaintiffs,

vs.                        CASE NO.: 4:11cv00344-RH-WCS

CITY OF TALLAHASSEE, DOUGLAS
CLARK, individually, and IPC
INTERNATIONAL CORPORATION,

       Defendants.
_____

**DEFENDANT DOUGLAS CLARK AND THE
CITY OF TALLAHASSEE'S MOTION TO DISMISS
COUNTS III, IV AND V OF PLAINTIFFS' AMENDED
COMPLAINT WITH MEMORANDUM OF LAW**

Come now Defendants, Douglas Clark ("Officer Clark) and the City of

Tallahassee ("the City"), by and through undersigned counsel and pursuant to Rule

12(b)(6) of the Fed.R.Civ.Pro. move this Court to dismiss Counts III, IV and V of

plaintiffs' amended complaint and as grounds therefore, state:

**MOTION TO DISMISS**

1.      In this action brought pursuant to 42 U.S.C. § 1983 plaintiffs claim in

Count III of their amended complaint that on July 28, 2007, defendant Doug Clark

(Officer Clark), acting within the scope and authority of his employment as a

Tallahassee police officer, violated plaintiffs' constitutional right to be free of false imprisonment and the use of excessive force.  Plaintiffs also allege that Officer Clark's actions constituted false imprisonment under state law and seek damages therefor against the City in Count IV and against Officer Clark in Count V.

2.     Plaintiffs also claim in Count III of their amended complaint that the City is liable for Officer Clark's actions based on deliberate indifference in training, supervision and discipline and because City policy or custom caused plaintiffs' Fourth Amendment rights to be violated.

3.     The parties agree that at all pertinent times herein Officer Clark was acting within the scope of his discretionary authority as a Tallahassee police officer.  As such, Officer Clark is entitled to qualified immunity as to plaintiffs' claims in Count III.

4.     Plaintiffs false imprisonment claim in Count III, IV and V of their amended complaint against the City must be dismissed for failure to state a claim upon which relief can be granted because Officer Clark is entitled to qualified immunity as to such claim and plaintiffs have failed to allege any plausible facts to overcome Officer Clark's qualified immunity.

5.     Count III of plaintiffs' amended complaint against the City must be dismissed for failure to state a claim upon which relief can be granted because plaintiffs have failed to allege any plausible facts showing that their injuries were

attributable to an identified City policy or custom, and the City may not be held liable under the theory of respondeat superior.

WHEREFORE, for the reasons set forth above Officer Clark respectfully requests that this Court dismiss plaintiffs' false imprisonment claim in Counts III and V of their amended complaint against him, and the City respectfully request this Court to dismiss Counts III and IV of plaintiffs' amended complaint against it.

## <u>MEMORANDUM OF LAW</u>

Pursuant to Local Rule 7.1(A), the City provides the following memorandum of law in support of its motion to dismiss Counts III, IV and V of plaintiffs' amended complaint.

## I.    STATEMENT OF FACTS[1]

Plaintiffs allege that on the evening of July 28, 2007, they were at the Tallahassee Mall walking to their vehicle when Mall security officer summoned Officer Clark to their location and told him that plaintiffs had been disorderly inside the mall. Plaintiffs allege that Officer Clark halted them to ascertain whether they had acted disorderly.  During Officer Clark's investigation he ordered plaintiffs to get against the patrol vehicle. Joshua Ruffin immediately complied,

---

[1]    The following statement of facts is taken from ¶¶ 9, 10 and 12 of plaintiffs' amended complaint (Doc. 8), which contains no additional substantive allegations of fact, and relates only to plaintiffs' false imprisonment claim against Officer Clark and to their <u>Monell</u> claims for false imprisonment against the City. A statement of facts relating to plaintiffs' <u>Monell</u> claims of use of excessive force against the City is set out below.

but Quentez Ruffin instead asked Officer Clark where he wanted him to go. At this point plaintiffs allege that Officer Clark engaged in the unlawful use of force. Officer Clark contends that any use of force was reasonable in light of plaintiffs' resistance.

Eventually Officer Clark arrested Quentez Ruffin, but in lieu of taking him to jail issued him a notice to appear.[2]  Officer Clark did not arrest Joshua Ruffin but gave him a trespass warning relating to the Tallahassee Mall.

## II.    STANDARD OF REVIEW

A motion to dismiss should be granted unless plaintiffs plead **factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[3]  This is so because

> the tenet that a court must accept as true all of the allegations contained in a compliant is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.[4]

---

[2]      Officer Clark arrested Quentez Ruffin for resisting/obstructing/opposing a police officer without violence in violation of Fla. Stat. Ann. § 843.02 and for possession of drug paraphernalia in violation of Fla. Stat. Ann. § 893.147 (1).

[3]      Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009).

[4]      Id. at 1959-50.

A complaint must contain more than "labels and conclusions and a formulaic recitation of the elements of a cause of action will not do."[5] The complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiffs' entitlement to relief.[6] The complaint must set forth facts---not mere labels or conclusions---that "render plaintiffs' entitlement plausible."[7] This Twombly/Iqbal plausibility standard applies to **ALL** civil actions because it interpreted Rule 8 of the Federal Rules of Civil Procedure.[8]

In considering a motion to dismiss, the District Court should apply a two-pronged approach.[9]  First, the District Court should identify and disregard all conclusory allegations that are not supported by specific factual allegations; conclusory allegations are not entitled to an assumption of truth. Second, the court should assume that well pleaded factual allegations are true, and then determine whether these facts plausibly give rise to an entitlement to relief.[10] This Court should apply this two-pronged plausibility standard of review to both the motion to dismiss by Officer Clark and the City.[11]

---

[5]     Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).
[6]     Id. at 557.
[7]     Id. at 569 n. 14.
[8]     American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010); See also Randall v. Scott, 610 F.3d 701, 709-10 (11th Cir. 2010).
[9]     Scott. at 709-10.
[10]    Id.
[11]    Arroyo v. Judd, 2010 WL 3044053 *2 (M.D. Fla. 2010) (Although the Eleventh Circuit imposes no heightened pleading requirement, "[a] district court considering a motion to dismiss

## III.   ARUGMENTS AND AUTHORTIES

## A.   THE DOCTRINE OF QUALIFIED IMMUNITY SHIELDS OFFICER CLARK FROM INDIVIDUAL LIABILITY

Officer Clark is being sued in his individual capacity under Section 1983, and is therefore entitled to qualified immunity.[12]  This immunity is not only from liability but also from suit.[13]  Qualified immunity protects government officials performing discretionary functions not only from civil liability, but also from discovery and trial, if their conduct violates 'no clearly established statutory or constitutional rights of which a reasonable person would have known.'"[14]  A police officer accused of a Fourth Amendment violation is entitled to qualified immunity if his actions are objectively reasonable.[15]

The parties agree that at all pertinent times herein Officer Clark was acting within the scope of his discretionary authority as a Tallahassee police officer. Thus, Officer Clark is entitled to qualified immunity unless plaintiffs make

---

shall begin by identifying conclusory allegations that are not entitled to an assumption of truth-legal conclusions must be supported by factual allegations." citing Scott at 709-10).

[12]     Riebsame v. Prince, 267 F.Supp.2d 1225, 1231 (M.D. Fla. 2003).

[13]     See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982).  See also GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1366 (11th Cir. 1998).

[14]     Post v. City of Fort Lauderdale, 7 F.3d 1552, 1556 (11th Cir. 1993); and Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994).

[15]     See Graham v. Connor, 490 U.S. 386 (1989); Nolin v. Isabell, 207 F.3d 1253 (11th Cir. 2000); Priester v. City of Riviera Beach, 208 F.3d 919 (11th Cir. 2000).

plausible factual allegations that show that qualified immunity is not appropriate.[16]

Plaintiffs' allegations must plausibly suggest an entitlement to relief.[17] Mere labels

and conclusions or a formulaic recitation of the elements of a cause of action are

insufficient.[18] The complaint must set forth facts that render plaintiffs' entitlement

to relief plausible.[19]  Thus, to overcome qualified immunity, plaintiffs must allege

plausible facts showing that Officer Clark's conduct violated "clearly established

(federal) statutory or constitutional rights of which a reasonable person would have

known."[20]

This Court has the discretion whether to follow the two-step sequence for

resolving government officials' qualified immunity claims established in Saucier v.

Katz,[21] or to decide which of the two prongs should be addressed first, in light of

circumstances in the particular case at hand.[22]  In the instant case the Saucier

analysis seems appropriate.  Thus, the Court must decide whether the plausible

non-conclusory facts alleged by plaintiffs, demonstrate that Officer Clark violated

a constitutional right. Only if this first query is answered in the affirmative does

this Court proceed to the second query, which is to determine whether the right

---

[16]    Vineyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002).
[17]    Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007).
[18]    Id. at 555.
[19]    Id. at 569 n.14.
[20]    GJR, 132 F.3d at 1366; and Storck v. City of Coral Springs, 354 F.3d 1307, 1314 (11th Cir.2003).
[21]    533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).
[22]    Case v. Eslinger, 555 F.3d 1317, 1325-26 (11th Cir. 2009).

violated was clearly established. Based on the non-conclusory factual allegations of plaintiffs' amended complaint, it is abundantly clear that plaintiffs' factual allegations do not plausibly show that Officer Clark violated a constitutional right.

**B.     PLAINTIFFS HAVE FAILED TO ESTABLISH A CONTITUTIONAL VIOLATION FOR THEIR CLAIMS OF FALSE ARRREST**

In Florida, the tort of false imprisonment is the unlawful detention of the plaintiff without color of law that deprives him/her of his liberty.[23] The detention must be unreasonable and not warranted by the circumstances.[24]

Here, plaintiffs allege that Tallahassee Mall security personnel had demanded that plaintiffs leave the mall, that due to plaintiffs' actions Officer Clark was summoned to plaintiffs' location and that "Mall security had told Clark that the Plaintiffs were being disorderly inside the mall."[25]

Thus, plaintiffs' factual allegations establish that Officer Clark had a reasonable and lawful basis to detain plaintiffs in order to investigate whether there was probable cause to arrest them for the criminal misdemeanor offense of disorderly conduct.[26]  Thus, Officer Clark acted under color of law, and his detention of plaintiffs was reasonable and warranted under the circumstances. [27]

---

[23]     Spears v. Albertson's, Inc. 848 S. 2d 1176 (Fla. 1st DCA 2003).
[24]     Id.
[25]     Doc. 8 at ¶ 10.
[26]     Fla. Stat. Ann. § 877.03.
[27]     Fla. Stat. Ann. § 901.151(2).

As to Joshua Ruffin, after he was detained for investigation Officer Clark gave him a trespass warning on behalf of the Tallahassee Mall and released him.

As to Quentez Ruffin, during the lawful detention, Officer Clark observed him engage in resisting arrest without violence and in the possession of paraphernalia, both of which were misdemeanor violations of Florida criminal law. Since Officer Clark observed both misdemeanor violations, he had probable cause to arrest Quentez Ruffin for both crimes.  In Florida, a police officer may arrest a person without a warrant when the person has committed a misdemeanor in the officer's presence.[28] In lieu of taking Quentez Ruffin to jail, Officer Clark issued him a notice to appear.

The existence of probable cause at the time of arrest constitutes an absolute bar to a § 1983 action for false arrest.[29]  It is well settled that "…if an officer has probable cause to believe that an individual has committed even a minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."[30]

While it is clear that Officer Clark had probable cause to arrest Quentez Ruffin, Officer Clark also would show to the Court that he undoubtedly had

---

[28]   Fla. Stat. Ann. § 901.15(1).
[29]   Marx v. Gumbinner, 905 F.2d 1503, 1505-06 (11th Cir.1990).
[30]   Lee v. Ferraro, 284 F.3d 1188, 1194-95 (11th Cir.2002); and Storck, 354 F.3d at1314.

**arguable** probable cause, which is "all that is required for qualified immunity to be applicable to the an arresting officer."[31]

Since plaintiffs' version of the facts clearly fails to establish a constitutional violation, Officer Clark is entitled to qualified immunity, as a matter of law, to their claim for false imprisonment.[32]

## C.   PLAINTIFFS CANNOT SHOW THAT THE CONSTITUTIONAL RIGHT THEY CLAIM WAS VIOLATED WAS CLEARLY ESTABLISHED

Even if plaintiffs could allege sufficient facts to plausibly show a violation of a constitutional right, which they have failed to do in their amended complaint, they cannot show that such right was "clearly established."  Plaintiffs would have to point to a law from the United States Supreme Court, the Florida Supreme Court, or to words from a federal statute or federal constitutional provision which clearly established that it was unlawful for a police officer to rely on Fla. Stat. § 901.151 to detain plaintiffs in order to investigate their conduct as reported by Mall security and/or to arrest a person who committed a misdemeanor in his presence.[33] This plaintiffs cannot do.

---

[31]     Lee, 284 F.3d at 1195.
[32]     Storck, 354 F.3d at1314.
[33]     Storck, 354 F.3d at1317-18; and Lee, 284 F.3d at 1197.

**D.      PLAINTIFFS HAVE FAILED TO ALLEGE PLAUSIBLE FACTS
SUFFICIENT TO STATE ANY <u>MONELL</u> CLAIM AGAINST THE
CITY**

**1.      PLAINTIFFS' FALSE IMPRISIONMENT CLAIM**

Plaintiffs' <u>Monell</u> claim for false imprisonment against the City must be

dismissed because plaintiffs have not and cannot plead plausible facts

demonstrating that they suffered a constitutional violation.[34]

**2.      PLAINTIFFS' EXCESSIVE FORCE CLAIM**

**a.      STATEMENT OF FACTS**

Plaintiffs allege the following facts relating to their claim of excessive use of

force by Officer Clark:[35]  After Officer Clark ordered plaintiffs to get against the

patrol car, Joshua Ruffin complied with the order, but Quentez Ruffin questioned

Officer Clark as to where he was supposed to go.  In response to Quentez Ruffin's

query, Officer Clark ordered him to get on his knees, at which time Joshua Ruffin

questioned Officer Clark as to what was going on.  In response, Officer Clark

---

[34]      <u>City of Los Angeles v. Heller</u>, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986)
("if a person has suffered no constitutional injury at the hands of the individual police officer, the
fact that the departmental regulations might have authorized the use of constitutionally excessive
force is quite beside the point"); <u>McCormick v. City of Fort Lauderdale</u>, 333 F.3d 1234, 1242 n.
13 (11th Cir. 2003) (where officer's arrest and use of force were constitutionally permissible,
there could be no policy or custom of the city that officially sanctioned or ordered a
constitutional violation); <u>Cuesta v. School Board of Miami-Dade County, Florida</u>, 285 F.3d 962,
970 n. 8 (11th Cir. 2002) (stating that because Cuesta suffered no deprivation of constitutional
rights, court need not decide question of whether county policy might deprive others of
constitutional rights); <u>Rooney v. Watson</u>, 101 F.3d 1378, 1381 (11th Cir. 1996) (finding that
when the deputy's conduct did not cause plaintiff to suffer a constitutional deprivation, there is
no need to inquire into the sheriff's department's policy or custom).
[35]      These allegations are contained in ¶¶ 10 and 11 of Doc. 8.

displayed his Taser and kicked Joshua Ruffin on his left leg, which put Joshua Ruffin to the ground.  Quentez Ruffin told Officer Clark that Joshua Ruffin had recently had an operation on his leg, and in response Officer Clark used his Taser to "drive stun" Quentez Ruffin four separate times on his upper leg without justification of provocation.

**b.    ARGUMENT**

It is well established that municipalities cannot be held liable under a theory of respondeat superior in a § 1983 action.[36] Instead, a plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused plaintiff's injury.[37]  Nowhere in plaintiffs' amended complaint is there any allegation that the unconstitutional conduct alleged against Officer Clark was caused by, resulted from, or was attributable to any identified City policy or custom.   Count III of plaintiffs' amended complaint should be dismissed.

Plaintiffs make nothing but conclusory, fact free allegations that the City was (1) deliberately indifferent by failing to adopt a policy or enforcing an improper policy for incidents described in their amended complaint,[38] and (2) that the City failed to implement adequate hiring, training and supervisory procedures

---

[36]    Monell v. New York City Department of Social Services, 436 U.S. 658, 691, (1978).

[37]    Id., at 694; See also Board of County Comm's of Bryan County OK v. Brown, 520 U.S. 397, 403 (1997).

[38]    Doc. 8 at ¶ 33.

regarding investigations of crimes, the arrests for those crimes and the use of the Taser.[39] Plaintiffs also allege in conclusory terms, again without any factual basis, that the City failed to train and supervise Officer Clark[40] and that the City had a deliberate indifferent policy of training as to the proper use of the Taser.[41]

Count III of plaintiffs' amended complaint against the City contains nothing but conclusory allegations regarding a City custom or policy. Nowhere in Count III does plaintiff allege any facts, plausible or not, that identifies a specific City policy or custom.   Under the plausibility standard of review, ¶¶ 33-36 contain no factual allegations, are completely conclusory and should be disregarded by the Court.

Under appropriate circumstances, the failure to adequately train or supervise may give rise to a claim against a municipality cognizable under § 1983.[42] However, mere conclusory allegations of failure to train are not enough.[43]

In City of Canton, the Court addressed the circumstances in which municipal liability, under Monell's policy or custom requirement, may be based on inadequate training of a city's employees. "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."[44]

---

[39]    Doc. 8 at ¶ 34.
[40]    Doc. 8 at ¶ 35.
[41]    Doc. 8 at ¶ 36.
[42]    See City of Canton, Ohio v. Harris, 489 U.S. 378 (1989).
[43]    Scott, 610 F.3d at 709-10.
[44]    City of Canton at 388.

The deficiency in the training program must be "closely related" to the ultimate injury, e.g. would the injury have been avoided had the employee been trained under a program that was not deficient in that respect?[45]

The Eleventh Circuit has held that municipal liability in failure-to-train cases will arise only where the need for such training is "plainly obvious to Department decision makers."[46]  If the final policy-making official had no actual notice of unconstitutional practices by the officers in question, and there is no evidence of a history of widespread prior abuse by department personnel that would have put the policymaker on notice of the need for improved training or supervision, then there can be no liability for failure to train.[47]

Plaintiff has pleaded no facts showing any notice to the Tallahassee Police Department ("TPD") that its officers were engaging in unconstitutional use of the Taser or that there was a widespread history of such unconstitutional practices that would have put TPD policymakers on notice of the need for improved training or supervision. In short, plaintiff has pleaded no facts showing deliberate indifference by the City regarding training or supervision.

---

[45]     Id. at 391.
[46]     Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir. 1990).
[47]     Id.

14

Even if the Court concludes that plaintiff's conclusory allegations against the City should not be totally disregarded, a conclusory allegation of a single incident, without more, fails to establish a custom or policy.[48]

## CONCLUSION

WHEREFORE, Officer Clark and the City respectfully request this Court grant the requested relief.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic mail via CM/ECF to Marie A. Mattox,, Esq., and Ganesh Chatani, Esq. on this 23rd day of August 2011.

> *s/ Billy J. Hendrix*
> BILLY J. HENDRIX
> Assistant City Attorney
> FBN:  849529
> City Attorney's Office
> 300 South Adams Street, Box A-5
> Tallahassee, FL 32301
> (850) 891-8554
> Fax: (850) 891-8973
> Billy.Hendrix@talgov.com
> ATTORNEYS FOR DOUGLAS CLARK
> AND THE CITY OF TALLAHASSEE

---

[48]     Arroyo, *supra* at *2.