IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSHUA J. RUFFIN and
QUENTEZ R. RUFFIN,

 Plaintiffs,           Case No.: 4:11cv344-RH/WCS

v.

CITY OF TALLAHASSEE,
DOUGLAS CLARK, individually, and
IPC INTERNATIONAL COROPRATION,

 Defendants.
_____/

### DEFENDANT IPC INTERNATIONAL CORPORATION'S MOTION TO DISMISS COUNT IX OF PLAINTIFFS' AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

 Defendant IPC INTERNATIONAL CORPORATION ("IPC"), by and through counsel and pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure and Local Rule 7.1(A), moves to dismiss Count IX of Plaintiffs' Amended Complaint and states as follows:

### MOTION TO DISMISS

 1. This case arises from a July 28, 2007, incident involving Plaintiffs Joshua and Quentez Ruffin and Tallahassee Police Department ("TPD") officer, Defendant Douglas Clark ("Officer Clark").  Plaintiffs allege Officer Clark utilized excessive force and falsely imprisoned them in response to a report of disorderly conduct at the Tallahassee Mall.

 2. Count IX of Plaintiffs' Amended Complaint attempts to state a cause of action against IPC, a private company, under 42 U.S.C. §1983.  Plaintiffs allege Officer Clark was working within the course and scope of his employment with IPC as a security guard (off-duty TPD) at the time of the incident.  Plaintiffs also assert that IPC was "clothed with the authority of state law by virtue of employing [Officer Clark] who possessed the power to make arrests."

Amended Complaint at para. 8. Plaintiffs contend IPC "through its agent" Officer Clark, operated to violate their constitutional right to be free from the use of excessive force and from being falsely arrested.

      3.     Count IX must be dismissed because IPC cannot be held liable under a respondeat superior theory. What's more, Plaintiffs have failed to identify a specific IPC policy or custom that was the "moving force" behind the alleged constitutional violation. As such, Count IX fails to state a claim against IPC and it should be dismissed.

## MEMORANDUM OF LAW

### I.    Plaintiffs' Count IX

Count IX of Plaintiffs' Amended Complaint is a civil rights claim against IPC pursuant to 42 U.S.C. §1983. In support, Plaintiffs allege that they were patrons of the Tallahassee Mall when they were ordered to leave by IPC mall security guards due to certain dress code violations. Amended Complaint ¶9. Plaintiffs complied but were stopped by Defendant Officer Clark as they made their way to their vehicle. Amended Complaint ¶10. At the time, Officer Clark was employed as a TPD police officer by Defendant City of Tallahassee ("City") and was also working off duty security for IPC. See id. He had been summoned by "private mall security guards" and was told that Plaintiffs were being disorderly. See id. After contact with Plaintiffs, an altercation and detention ensued and ultimately resulted in the issuance of trespass warnings to Plaintiffs. Amended Complaint ¶10-12. These are the baseline allegations for Plaintiffs' civil rights claim.[1]

---

[1] Although Plaintiffs have filed an Amended Complaint, the substance of their claim against IPC remains unchanged. The only additional allegations applicable to IPC are contained in paragraph 10 of the amended pleading where Plaintiffs allege IPC had a duty to train Officer Clark on its policies and practices in regard to detention, arrest and use of force. As set out in Section III.B. below, that duty does not exist.

Plaintiffs seek to impose liability on IPC for the foregoing incident under a respondeat superior theory. In other words, Plaintiffs contend IPC is vicariously liable for the acts of its "agent" Officer Clark. Amended Complaint ¶¶71, 72, 76, and 77.

## II.     Legal Standard

In Twombly, the Supreme Court significantly tightened the Rule 8 pleading requirements. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S. Ct. at 1964-65 (internal citations omitted).

In clarifying the pleading requirements, Bell Atlantic empowers the district court: "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." Bell Atlantic, 127 S. Ct. at 1967 (quoting Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters, 459 U.S. 519 (1983)). Further, the Court explained,

> It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless be weeded out early in the discovery process through 'careful case management,' given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side.

Bell Atlantic, 127 S. Ct. 1955. Instead, the Supreme Court requires plaintiffs, from the very commencement of an action, to state a claim with enough facts to "nudge[ ] their claims across the line from conceivable to plausible." Id. at 1974.

### III. Argument

#### A. No Respondeat Superior Liability Against IPC

Throughout Plaintiffs' Count IX, IPC is called to answer for liability arising from the acts of its "agent" Officer Clark. It is well settled that claims for respondeat superior or vicarious liability are not cognizable under 42 U.S.C. §1983. See Monell v. Department of Social Serv., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Although Monell involved a municipality, this holding has been extended to private corporations like IPC. See Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992). Accordingly, Plaintiffs' respondeat superior claims against IPC should be dismissed with prejudice.

#### B. Conclusory and Inadequate Factual Allegations of Custom or Policy

In order to hold IPC liable under 42 U.S.C. §1983, Plaintiffs must plead the existence of a policy or custom employed by IPC which was the "moving force of the constitutional violation." Monell, 436 U.S. at 694, 98 S.Ct. at 2037. "[L]abels and conclusions" are not enough. Bell Atlantic, 127 S. Ct. at 1964-65. Instead, Plaintiffs must assert specific facts relating to an IPC policy or custom which promotes the unconstitutional detention and use of excessive force underlying their claims. Failure to do so is fatal. See Crenshaw v. Lister, 509 F.Supp.2d 1230, 1238 (M.D. Fla. 2007)(granting motion to dismiss where plaintiff failed to allege a violation of a policy or custom that was the moving force behind the alleged constitutional violation)

Plaintiffs' Amended Complaint falls woefully short in this regard. Indeed, Plaintiffs have not identified *any* policy or custom that IPC required Officer Davis to follow which in turn resulted in the alleged constitutional deprivation. Instead, Plaintiffs argue that "[d]efendant is responsible for hiring, training and supervising the law enforcement officers who work under him[sic]" and that IPC's failure to train Officer Clark constitutes an "improper policy or the

absence of a policy . . . which resulted in the deliberate indifference to the constitutional rights of the Plaintiff[sic]." Amended Complaint ¶83. This allegation is, without more, a "formulaic recitation" calculated to satisfy the extension of Monell announced in City of Canton v. Harris, 498 U.S 378, 109 S.Ct. 1197 (1989) (in certain circumstances an employer can be held liable under 42 U.S.C. §1983 for constitutional violations arising from its failure to train employees but only where the failure to train amounts to deliberate indifference to the rights of persons with whom the employees come into contact).

Aside from the foregoing boilerplate allegation, Plaintiffs have failed to identify a single fact in support of their failure to train claim. There is no allegation that IPC was aware that its employees were improperly detaining and tazing criminal suspects. There is no allegation that IPC was aware that Officer Clark had a propensity to engage in unconstitutional practices. Moreover, there is no allegation that Officer Clark had ever employed these practices prior to the day in question. In fact, there is no allegation that any IPC employee had engaged in similar activity at anytime in the past. As such, there is no factual basis to support a finding that there existed a need to train Officer Clark and, accordingly, the failure to train claim fails. See Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir. 1990).

Even assuming Plaintiffs had set out sufficient facts in support of their failure to train claim, the claim fails for a more fundamental reason. IPC has no duty to train Officer Clark. Indeed, IPC cannot be expected to train Officer Clark, a licensed law enforcement official, on the exercise of his use of force, detention and arrest in his capacity as a TPD officer in its employ. See e.g. El Bey v. Celebration Station, 2006 WL 2811497 (W.D.N.C. 2006) (private corporation has no duty to train off duty law enforcement officer hired as security—the presumption is that

5

when an off duty officer acting as a security guard arrests an individual, state policies and training would be guiding the exercise of that authority).

In shotgun style, Plaintiffs fire one last round in their effort to establish liability against IPC based on City of St. Louis v. Praprotnik, 485 U.S. 112, 108 S.Ct. 915 (1988). In Paprotnik, the Supreme Court held that a Sheriff's department may be liable for civil rights violations committed by its deputies where the *deputies* are possessed with authority to make *final policy*. See id. 485 U.S. at 127, 108 S.Ct. at 926. Plaintiffs here, however, do not allege that *Officer Clark* possessed the requisite final policy making authority. Instead, Plaintiffs allege *IPC* is the final policy maker. Amended Complaint ¶83. This pleading deficiency is fatal to their Paprotnik claim.[2]  See e.g. Wright, 919 F.2d at 674.

### IV.  Conclusion

IPC respectfully requests that this Court enter an order dismissing Count IX of Plaintiffs' Amended Complaint.

---

[2] Paragraph 81 of Plaintiffs' Amended Complaint asserts that IPC "gave" Officer Clark "final authority" to make arrest and force decisions.  *Final authority* is not *final policy* under Praprotnik.  Indeed, "the mere delegation of authority to a subordinate to exercise discretion is not sufficient to give the subordinate policymaking authority." Mandel v. Doe, 888 F.2d 783, 792 (11th Cir. 1989) *citing* Praprotnik, 485 U.S. at 125-28, 108 S.Ct. at 924-26.  In any event, Officer Clark's authority to make arrest and force decisions emanates from his badge and title as a sworn TPD law enforcement officer—not from a delegation of power by a private security company.  See Amended Complaint ¶8.

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on  August 24, 2011 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Plaintiffs' counsel Marie A. Mattox, Esquire and counsel for Defendants City of Tallahassee and Douglas Clark, Billy J. Hendrix, Esquire.  I further certify that a true and correct copy of the foregoing has been furnished by U.S. Mail to Marie A. Mattox, Esquire, Marie A. Mattox, P.A., 310 East Bradford Road, Tallahassee, FL 32303 and Billy J. Hendrix, Esquire, City Attorney's Office, 300 South Adams Street, Box A-5, Tallahassee, FL  32301.

      **s/Ganesh Chatani**
Ganesh Chatani
Florida Bar No: 0455709
BANKER LOPEZ GASSLER, P.A.
111 North Calhoun Street
Tallahassee, FL  32301
(850) 681-4247
Fax No: (850) 412-2241
Attorneys for Defendant
IPC International Corporation