## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JOSHUA J. RUFFIN and**
**QUENTEZ R. RUFFIN,**

      **Plaintiffs,**                        **CASE NO. 4:11cv344-RH/WCS**

**v.**

**CITY OF TALLAHASSEE, DOUGLAS**
**CLARK, individually, and IPC**
**INTERNATIONAL CORPORATION,**

      **Defendants.**
_____/

## PLAINTIFFS' RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT IPC INTERNATIONAL CORPORATION'S MOTION TO DISMISS COUNT IX OF PLAINTIFFS' AMENDED COMPLAINT

      Plaintiffs, JOSHUA J. RUFFIN and QUENTEZ R. RUFFIN, by and through their counsel, file this their Response to Defendant IPC International Corporation's Motion to Dismiss Count IX of Plaintiffs' Amended Complaint and state the following in support:

### I.  INTRODUCTION

      Plaintiffs have filed a nine-count Amended Complaint against Defendants City of Tallahassee ("COT" or "City"), Douglas Clark ("Clark"), and IPC International Corporation ("IPC").  IPC moves to dismiss Count IX of the Amended Complaint, which alleges excessive force and false imprisonment brought through 42 U.S.C. §1983.

Below, Plaintiffs make clear that they have stated a claim of false imprisonment and excessive force under § 1983.  As stated more fully below, Plaintiffs have sufficiently alleged that IPC is liable because (1) it acted in concert with Defendants City of Tallahassee and Clark, acting pursuant to COT's unconstitutional custom or policy and/or (2) it delegated policy making authority to Defendant Clark and gave him final authority to make arrest and force decisions.

## II.  LEGAL STANDARD

The Amended Complaint is sufficient to meet federal pleading standards, including the principles articulated in Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).  "Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  Erickson v. Pardus, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).  "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).  However, "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" must be pled.  Ashcroft, 129 S. Ct. 1937.  Though the standard requires more than a "sheer possibility" of actionable conduct, it is also not a "probability requirement" that unlawful conduct took place.  Id. at 1949.

## III.  PLAINTIFF'S PLEADINGS ESTABLISH LIABILITY UNDER § 1983

    *A.*    *Plaintiffs' Allege That an Unconstitutional Custom or Policy Guided Defendants' Joint Activity*

2

One way to hold IPC under § 1983 is for the Plaintiffs to plead that it had in place a policy or custom which violated their rights. Buckner v. Toro, 116 F.3d 450, 451 (11th Cir. 1997)(citing Monell v. Department of Social Servs. of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Other ways to hold IPC liable under §1983 are for Plaintiffs to establish that this Defendant's final policymaker(s) acted with deliberate indifference to a constitutional right; Defendant's final policymaker(s) delegated authority to a subordinate who, in turn, caused a constitutional deprivation; or Defendant's final policymakers ratified a constitutionally impermissible decision or recommendation of a subordinate employee. Sherrod v. Palm Beach County School District, 424 F.Supp.2d 1341, 1344 (S.D. Fla. 2006). Plaintiffs have pled that Defendant IPC is liable, jointly and severally, to Plaintiffs for their constitutional injuries, individually and in concert with Defendant COT. [Plaintiffs' Amended Complaint, ¶75]. They allege a joint action between the Defendants, and that an improper or indifferent policy was closely related to the constitutional injuries suffered by Plaintiffs. [Id. at ¶s 76, 83-84].

Plaintiffs can properly maintain a § 1983 action against both the public and private defendant by proving their joint activity caused the constitutional deprivations. See Adickes v. Kress & Co., 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). One way for Plaintiffs to hold both Defendants liable is to prove that the parties' interdependence rendered them joint participants in the challenged actions. See Wimberly v. Royal, 2009 WL 1886065 at *4 (N.D. Fla. 2009). Defendant IPC can be found liable for acting in compliance with official municipal policy. See Mejia v. City of

3

New York, 119 F.Supp.2d. 232, 276 n.43 (E.D. N.Y. 2000)(finding under the facts no

claim against private corporation under § 1983 because plaintiff did not produce evidence

that the corporation's employees acted in compliance with an official municipal policy).

Or, relatedly, IPC can be liable if it endorsed the City's policy or custom that resulted in

the violation of Plaintiffs' federal rights.  Raines v. Corrections Corp. of America, 2010

WL 3941911 at *3 (D. Ariz. 2010).

  Because Plaintiffs have alleged joint activity, they can prevail by showing that

COT utilized an unconstitutional policy with respect to ascertaining probable cause or

proper level of force and that IPC complied with or endorsed that policy.  It is enough at

this stage that Plaintiffs have alleged that precise scenario.  Plaintiffs properly pled that

Clark as an agent for IPC executed or endorsed an unconstitutional policy or custom of

COT as a governmental entity and/or that his actions were connected to COT's municipal

policy or custom.  This is a viable method of proving liability under § 1983. See

Rozewski v. Weber, 2011 WL 3329777 at *4 (E.D. Mich. 2011)(holding that, under these

facts alone, § 1983 liability could not lie against a law firm under a theory of joint action

with the government because the law firm defendants were not executing a policy or

custom adopted by the government).  It certainly stands to reason that a law enforcement

officer, even in an off-duty setting, would act pursuant to his government employer's

policies in the same fashion he does while on duty.

  Plaintiffs pleadings likewise show that Defendant IPC maintained a policy of

hiring officers from the Tallahassee Police Department, which have engaged in

constitutional violations of false arrest and excessive force. They additionally plead that IPC had a policy of failing to train such officers. That is not only enough for Plaintiffs to meet their pleading burden, it is also enough to prove liability. See <u>Crenshaw v. Rivera</u>, 2009 WL 377985 at *10-11 (N.D. Ind. 2009)(denying summary judgment filed by private bar in § 1983 action where the bar had policy of hiring police officers and failed to have a written security policy).

     B.      *Plaintiffs Alleged that Defendant IPC Delegated Policy-Making Authority to Defendant Clark*

Plaintiffs also allege in their Amended Complaint that "Defendant IPC delegated policy making authority to Defendant Clark and gave him the final authority to make arrest and force decisions. As such, IPC is liable for the actions complained of herein by Clark." [Plaintiff's Amended Complaint, ¶81]. Plaintiffs have sufficiently pled an alternative method of proving § 1983 liability under <u>Monell</u>.[1]

IPC argues that it had no duty to train Clark. Consequently, and necessarily, it agrees then with Plaintiffs's position that IPC delegated final policy making authority to Clark with regard to arrests and use of force. Plaintiffs expect the evidence in this case to

---

[1] Defendant can be found liable under §1983 if Plaintiffs establish that the alleged violations were the result of: (1) Defendant's policies or customs or (2) Defendant's final policymaker(s) acted with deliberate indifference to a constitutional deprivation, or (3) Defendant's final policymaker(s) delegated authority to a subordinate who, in turn, caused a constitutional deprivation, or (4) Defendant's final policymakers ratified a constitutionally impermissible decision or recommendation of a subordinate employee. <u>Sherrod v. Palm Beach County School District</u>, 424 F.Supp.2d 1341, 1344 (S.D. Fla. 2006).

show that IPC anointed Clark with power to make arrests and exert force as he saw fit. Clark is thus a "final policy maker" for arrest and force decisions made on behalf of IPC as his decisions were not constrained by any official policy of IPC, i.e. any policy regarding training, or by any superior officials, as there was none.  See Feliciano v. City of Cleveland, 988 F.2d 649, 655 (6th Cir. 1993)(a municipal employee is not a "final policy maker" unless his decisions "are final and unreviewable and are not constrained by the official policies of superior officials.").

## IV.  CONCLUSION

For all the reasons stated above, Defendant IPC's Motion to Dismiss Count IX of Plaintiffs' Amended Complaint should be denied.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A.  MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile:  (850) 383-4801

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by CM/ECF service only to all counsel of record this 12th day of September 2011.

/s/ Marie A. Mattox
Marie A. Mattox