IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSHUA J. RUFFIN et al.,

      Plaintiffs,

v.                                         CASE NO. 4:11cv344-RH/WCS

CITY OF TALLAHASSEE et al.,

      Defendants.

_____/

## ORDER DENYING THE MOTIONS TO DISMISS

The plaintiffs assert that they were detained and subjected to excessive force in a mall parking lot by a security officer who was working for the private company that had a contract with the mall's private owner to provide security at the mall. The plaintiffs have sued the security officer (Douglas Clark), the private company (IPC International Corporation), and the City of Tallahassee. Mr. Clark was a Tallahassee police officer, though he was off the City's clock while working for IPC.

The first amended complaint asserts common-law battery claims against the City and Mr. Clark (counts I and II), Fourth Amendment excessive-force claims under 42 U.S.C. § 1983 against the City and Mr. Clark (count III), common-law false imprisonment or arrest claims against the City and Mr. Clark (counts IV and V), a common-law claim against Mr. Clark for intentional infliction of emotional distress (count VII), common-law claims against IPC for false arrest or imprisonment and battery (counts VI and VIII), and a Fourth Amendment excessive-force claim under 42 U.S.C. § 1983 against IPC (count IX).

The City and Mr. Clark have moved to dismiss counts III, IV, and V. IPC has moved to dismiss count IX. This order denies the motions to dismiss.

I

The Supreme Court has set out the standards governing a motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp.*, *supra*, at 555-556 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  The court must accept the complaint's allegations as true "even if [the allegations are] doubtful in fact." *Twombly*, 550 U.S. at 555.

A complaint thus "does not need detailed factual allegations." *Id*.  Nor must a complaint allege with precision all the elements of a cause of action.  *See Swierkiewicz*, 534 U.S. at 514-15 (rejecting the assertion that a Title VII complaint could be dismissed for failure to plead all the elements of a prima facie case).

But neither is a conclusory recitation of the elements of a cause of action alone sufficient.  A complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief.  *Id.* at 557.  The complaint must set forth facts—not mere labels or conclusions—that "render plaintiffs' entitlement to relief plausible." *Id.* at 569 n.14.

A district court thus should grant a motion to dismiss unless "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (emphasis added).  This is so because

the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, *supported by mere conclusory statements*, do not suffice. . . . [Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff *armed with nothing more than conclusions*.

*Id.* at 1949-50 (emphasis added).

II

Count III asserts claims under § 1983.  One requirement for a § 1983 claim is an unlawful or unconstitutional act committed under color of law.  A private security guard ordinarily does not act under color of law.  But the plaintiffs allege that Mr. Clark *did* act under color of law.  The plaintiff alleges facts that make the allegation plausible: Mr. Clark was a police officer, though off duty at the time; Mr. Clark showed his badge; Mr. Clark was driving (and put the plaintiffs up against) a "patrol vehicle," ECF No. 8 at 3, apparently a marked police vehicle; and Mr. Clark used a taser, presumably one issued by the police department.  The allegation that Mr. Clark acted under color of law is sufficient to withstand a motion to dismiss.  Count III will not be dismissed as against Mr. Clark.

A municipality is a "person" subject to liability under 42 U.S.C. § 1983.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2035-36, 56 L. Ed. 2d 611 (1978).  But,

> Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.  In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. . . .
>
> . . . .
>
> [Therefore,] a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* at 691, 694 (emphasis in original).

An individual police officer ordinarily is not a person whose "edicts or acts may fairly be said to represent official policy."  *See*, *e.g.*, *Wright v. Sheppard*, 919 F.2d 665, 674 (11th Cir. 1990).  The first amended complaint alleges, though, that city police officers engaged in a pattern of improper acts of this kind sufficient to show a "policy or custom."  And the first amended complaint alleges that the City failed to adopt relevant policies or to train officers on constitutional principles, thus showing deliberate indifference to constitutional rights and causing the violations that occurred here.  These allegations are long on conclusions and short on facts, but they are sufficient, if just barely, to withstand a motion to dismiss.  The plaintiffs should take very seriously any early summary-judgment motion attacking these allegations.  *See, e.g., Leatherman v. Tarrant Cnty. Narcotics Intelligence &*

*Coordination Unit*, 507 U.S. 163, 168-69 (1993) ("federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later").

The motion to dismiss counts IV and V fails for similar reasons. Florida law recognizes a cause of action for false imprisonment or arrest. The first amended complaint alleges facts sufficient to state a claim against Mr. Clark and sufficient to state a claim that he was acting as an agent of the City.

### III

Count IX asserts a § 1983 claim against IPC. A private entity like IPC can be held liable under § 1983 only under the same standards that apply to a municipality. *See Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992). So the fact that IPC employed Mr. Clark is not sufficient, standing alone, to render IPC liable under § 1983, even if, as the plaintiffs allege, Mr. Clark acted under color of law, violated their constitutional rights, and did so as an IPC employee. The plaintiffs will have to establish that Mr. Clark was a person whose edicts or acts represented official IPC policy or that IPC had a policy or custom that led to the unconstitutional acts. Here, as with the City, the first amended complaint includes factual allegations sufficient to withstand a motion to dismiss.

### IV

For these reasons,

IT IS ORDERED:

The motions to dismiss, ECF Nos. 9 and 10, are DENIED.

SO ORDERED on September 23, 2011.

<u>Robert L. Hinkle</u>
United States District Judge
