UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSHUA J. RUFFIN and	CASE NO. 4:11cv344-RH/WCS
QUENTEZ R. RUFFIN,

    Plaintiffs,

v.

CITY OF TALLAHASSEE, DOUGLAS
CLARK, individually, and IPC
INTERNATIONAL CORPORATION,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CITY OF TALLAHASSEE'S AMENDED MOTION FOR SUMMARY JUDGMENT**

    Plaintiffs, JOSHUA J. RUFFIN and QUENTEZ R. RUFFIN, through their counsel, hereby files this their Response and Memorandum of Law in Opposition to Defendant City of Tallahassee's Amended Motion for Summary Judgment and states:

**I.  FACTS SUPPORTING PLAINTIFFS' CLAIMS**

    Plaintiffs incorporate in their entirety the Facts Supporting Plaintiffs' Claims in their Response in Opposition to Defendant Clark's Motion for Summary Judgment.

**II.  MONELL CLAIM[1]**

    Defendant City can be found liable under §1983 if Plaintiffs establish that the alleged violations were the result of: (1) Defendant's policies or customs or (2) Defendant's final policymaker(s) acted with deliberate indifference to a constitutional deprivation, or (3) Defendant's final policymaker(s) delegated authority to a subordinate who, in turn, caused a

---

[1] Plaintiffs also adopt arguments set out in Response to IPC's motion on this issue.

constitutional deprivation, or (4) Defendant's final policymakers ratified a constitutionally impermissible decision or recommendation of a subordinate employee. See Monell v. Department of Social Servs. of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Sherrod v. Palm Beach County School District, 424 F.Supp.2d 1341, 1344 (S.D. Fla. 2006). To establish a claim under §1983 against the City, the Plaintiffs must establish that (1) they were deprived of a constitutionally protected right, and (2) that a governmental policy or custom was the moving force behind the constitutional violation. Monell, 436 U.S. at 694.

Plaintiffs' claims and proof thereof are sufficient to impose liability on the City. See Battista v. Cannon, 934 F. Supp. 400 (M.D. Fla. 1996)(allegations that the Sheriff of Pasco County had de facto policies, as well as customs, which were the moving force behind the constitutional deprivations, and an alleged failure of the Sheriff to investigate, supervise or discipline the deputy could be sufficient to impose liability); Stoker v. Smith, 1999 WL 224579 (M.D. Fla. 1999) (quoting Leatherman v. Tarrant County, 507 U.S. 163, 165 (1983)("a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than bare allegation that the individual officers' conduct conformed to official policy, custom or practice.")); Karim-Panahi v. Los Angeles Police Dept., 839 F. 2d 621, 624 (9th Cir. 1988)("[A] claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom or practice")(internal quotation marks omitted).

The City is liable under §1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . .." Monell v. Department of Social Services, 436 U.S. 658,

694, 98 S. Ct. 2018, 2037-38, 56 L. Ed. 2d 611 (1978). "One method of attributing conduct to the municipality is for plaintiff to show that the policy maker was aware of the subordinates' unconstitutional actions and consciously chose to ignore them." Amnesty Am. v. Town of West Hartford, 361 F.3d 113, 126 (2d Cir. 2005) (citing Sorlucco v. New York Cit Police Dep't., 971 F.2d 864, 870-71 (2d Cir. 1992)(stating that municipal liability lies where the subordinate's misconduct is "so manifest as to imply the constructive acquiescence of senior policy-making officials"). Where a policy-making official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a "deliberate choice," that acquiescence may "be properly thought of as a city 'policy or custom' that is actionable under §1983." City of Canton, Ohio v. Harris, 489 U.S. 378, 388, 109 S.Ct.1197, 103 L.Ed.2d 412 (1989); see also Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir. 1995), Jeffes v. Barnes, 208 F.3d 49, 63 (2d Cir. 2000)(holding that sheriff's acquiescence in unconstitutional retaliation could be inferred from his tolerance of harassment of plaintiffs).

A municipality may be held liable under § 1983 where the responsible law enforcement officer has "ratified" unconstitutional conduct by failing to investigate a citizen's complaints of constitutional violations which is precisely what happened sub judice. See Kimbrough v. City of Cocoa, 2006 WL 3335066, * 7 (M.D. Fla. 2007) (citing Marchese v Lucas, 758 F.2d 181, 187-88 (6th Cir. 1985)(court regarded the "official policy" of the sheriff and the county as ratification of an assault by officers upon a prisoner where sheriff did not engender *serious* investigation to discover the perpetrators or official sanction against their conduct)). A city may be liable under the ratification theory if it actively endorses or approves of the conduct of its employees or

officials. Garvie v. City of Ft. Walton Beach, Fla., 366 F.3d 1186, 1189 (11th Cir. 2004); Bannum Inc., v. City of Fort Lauderdale, 901 F.2d 989, 998 (11th Cir. 1990) ("[R]atification by the authorized policymakers of a subordinate's reasoning and decision is chargeable to the municipality because their decision is final.")  In the instant case, the Chief of Police, Dennis Jones, as a policymaker, had opportunities to review the conduct of Defendant Clark but instead simply acquiesced to his decisions and did nothing.  Sherrod v. Palm Beach County School Dist., 424 F.Supp.2d 1341 (S.D. Fla. 2006) (citing Thomas v. Roberts, 261 F.3d 1160, 1175 n.12 (11th Cir. 2001).  Repeatedly, in his deposition filed by Plaintiffs as Exhibit 48 (passim), Dennis Jones states that he does not investigate allegations of wrongdoing by his officers unless there is an IA complaint, regardless of whether he is put on notice that the City is going to be sued because thereof.  He testified that even when he received notices of intent to initiate litigation, he does nothing but allow the City attorneys to respond.  This inaction, by itself, should impose liability on the City.  The TPD Chief of Police admitted that even when he learns of potentially illegal conduct by his officers, he does nothing unless an IA complaint is filed. [See Exhibit 48-passim].

     One method of attributing conduct to the governmental entity is for a plaintiff to show that the policy maker was aware of the subordinates' unconstitutional actions and consciously chose to ignore them.  Amnesty Am. v. Town of West Hartford, 361 F.3d 113, 126 (2d Cir. 2005) (citing Sorlucco v. New York Cit Police Dep't., 971 F.2d 864, 870-71 (2d Cir. 1992) (stating that municipal liability lies where the subordinate's misconduct is "so manifest as to imply the constructive acquiescence of senior policy-making officials").  Thus, under the

ratification theory, a policymaker's failure to investigate may be indicative of an official policy and it is here.  Failing to investigate a claim of a constitutional deprivation like that alleged here may permit an inference that the misconduct which injured the decedent was pursuant to an official policy or custom. See Bordanaro v. McLeod, 871 F.2d 1151, 1166-1167 (1st Cir. 1989); see also Watkins v. City of Oakland, California, 145 F.3d 1087 (9th Cir. 1998)(Chief of Police held individually liable on a supervisory theory of liability for ratifying police officer's alleged use of excessive force when he dismissed complaint against the officer despite evidence of constitutional violation); Larez v. City of Los Angeles, 946 F.2d 630, 645 (9th Cir. 1991)(upheld a jury verdict finding police chief liable for ratifying the excessive use of force by officers under his command by signing a letter denying citizen's complaint when expert testimony showed that he should have disciplined the officers); St. Louis v. Praprotnik, 485 U.S. 112, 127, 108 S. Ct. 915, 99 L.Ed.2d 107 (U.S. 1988)(". . . when a subordinate's decision is subject to review by the municipality's authorized policymakers, they have retained the authority to measure the official's conduct for conformance with *their* policies. If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality. . ..")

In the instant case, the City is liable to Plaintiff because it failed to conduct any investigation and, in essence, confirmed that Clark acted consistently with City policy in arresting/detaining Plaintiffs without probable cause and in his use of excessive force against them.  The Eleventh Circuit has explicitly recognized and approved the ratification method of proving official capacity claims under §1983 in Mandel v. Doe, 888 F. 2d 783 (11th Cir. 1989).

In Mandel, the defendant argued that the plaintiff had failed to prove a custom or policy by showing a pattern of unconstitutional acts. Id. at 791. The Court rejected the defendant's argument by pointing out that the plaintiff had proceeded on an altogether different method of proving custom or policy: "the delegation of final policymaking authority from one official to another and the ratification of a subordinate's actions by a final policymaker." Id. (citing City of Oklahoma v. Tuttle, 471 U.S. 808, 834, 105 S.Ct. 2427, 2441, 85 L.Ed.2d 791 (1985)(Brennan, J., concurring in part and concurring in the judgment)("there may be many ways of proving the existence of a municipal policy or custom that can cause a deprivation of a constitutional right.").

The court in Mandel also discussed a number of Supreme Court cases in which alternative theories were addressed holding local governments liable under §1983 for a single decision by a government policymaker. For example, in Pembaur v. City of Cincinatti, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), the court upheld a finding of municipal liability based on a single decision by a municipal policymaker. And in City of St. Louis v. Praprotnik, 485 U.S. 112, 108 S. Ct. 915, 99 L.Ed.2d 107 (1988), in an effort to clarify when a decision on a single occasion may be enough to establish an unconstitutional municipal policy, the Court reasoned that "[i]f the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality . . .." 485 U.S. at ----, 108 S. Ct. at 926. Even a "single incident of unconstitutional activity" may be sufficient to hold Defendant liable. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 85 L.Ed.2d. 791 (1985).

Based on <u>Praprotnik</u> and <u>Pembaur</u>, "municipal liability may attach to a single decision made by a municipal official if that municipal official is the final policymaker for the municipality with respect to the subject matter in question." <u>Mandel</u>, 888 F.2d at 793. In <u>Mandel</u>, the court found that a physician's assistant was the final policymaker for the defendant with respect to the medical affairs of a road prison. <u>Id.</u> at 794. Because he had been delegated this final policymaking authority, his acts of deliberate indifference could be attributed to the defendant so as to establish municipal liability. <u>Id.</u> Liability was found in <u>Mandel</u> even though there was only one incident to support the existence of a governmental policy or custom **because** of the delegation of final policymaking authority from one official to another and the ratification of a subordinate's action by a final policymaker. <u>Id.</u> at 791. Thus, despite Defendant City's assertion to the contrary, a single instance of deliberate indifference to a subordinate's actions can provide a basis for municipal liability. See <u>Mandel</u>, 888 F.2d at 791.

In <u>Kimbrough</u>, the Court found that the City's failure to investigate or to discipline the conduct of its officers could support a claim of ratification. 2006 WL 3335066 at *8. The Court held that the fact that no one was investigated nor reprimanded could be found to be evidence that the City sanctioned the officer's conduct and the reasons behind their actions. <u>Id.</u> In <u>Marchese v. Lucas</u>, 758 F. 2d 181, 188 (6th Cir. 1985), the court concluded that where, after an assault on a prisoner, there was no serious investigation to discover the perpetrators or official sanctions against their conduct, there was ratification of the illegal acts by the Sheriff. And in <u>Amnesty Am. v. Town of West Hartford</u>, 361 F. 3d at 126-27, the could held that because a single action on the part of a policymaker was sufficient to create a municipal policy, then a

7

"single instance" of deliberate indifference to subordinates' actions can provide a basis for municipal liability.

"A party that willfully blinds itself to a fact. . .can be charged with constructive knowledge of that fact." United States v. Baxter Int'l, Inc., 345 F.3d 866, 902 (11th Cir. 2003). This is precisely what occurred here.  Dennis Jones intentionally ignores conduct of his officers that could have deadly consequences but if there is no IA complaint, that conduct is ignored.

### III.  PLAINTIFFS HAVE PROVEN THEIR STATE LAW CLAIMS

Plaintiffs incorporate their arguments in Section V of their Response in Opposition to Officer Clark's Motion for Summary Judgment.

### IV.  CONCLUSION

Defendant City's Motion for Summary Judgment should be denied in all respects for the reasons set forth above.

Respectfully submitted,

 /s/   Marie A. Mattox
Marie A. Mattox (FBN: 0739685)
MARIE A.  MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile:  (850) 383-4801
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all counsel of record by CM/ECF this 9th day of May, 2012.

                /s/ Marie A. Mattox
                Marie A. Mattox