IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSHUA J. RUFFIN et al.,

    Plaintiffs,

v.                                   CASE NO.   4:11cv344-RH/WCS

CITY OF TALLAHASSEE et al.,

    Defendants.

_____/

**ORDER GRANTING SUMMARY JUDGMENT IN PART**

      This case arises from a city police officer's detention of four young men and use of force against two. The defendants have moved for summary judgment. This order announces a ruling on the motions and briefly outlines the basis for the ruling. Trial is imminent. A more complete written ruling would cause undue delay and would serve no purpose.

I

      The events at issue occurred at a mall. The mall's management had hired IPC International Corporation to provide security. IPC security officers Tom Arnold and Lennon Davis saw in the mall four young men whose attire the officers

deemed inappropriate; all or at least some had pants the officers deemed too low. Whether the young men were also behaving badly—jumping around, being loud, using profanity—is disputed.

The IPC officers asked the young men to leave the mall. Mr. Arnold says that on their way out, one of the four—later identified as Quentez Ruffin—showed the officer his back side, that is, mooned him. Mr. Arnold radioed for assistance from Douglas Clark, an off-duty City of Tallahassee police officer providing security under a contract with IPC.

Officer Clark detained the four young men as they walked through the parking lot on their way off the property. The encounter did not go well. Officer Clark used force against Quentez Ruffin ("Quentez") and his brother Joshua Ruffin ("Joshua").[1] Quentez has since died from causes unrelated to this case. Quentez's personal representative and Joshua filed this action against Officer Clark, the City, and IPC, challenging both the detention and the use of force and asserting claims under both 42 U.S.C. § 1983 and the Florida common law. The common-law claims include false arrest or imprisonment, battery, and intentional infliction of emotional distress.

II

---

[1] The respect due any person in a federal proceeding ordinarily calls for addressing the person with a title or surname or both. But here there are two Mr. Ruffins. First names are the clearest means of identification.

Officer Clark is entitled to summary judgment on the detention and intentional-infliction claims but not on the excessive-force claims.

A

The record establishes without dispute that Mr. Arnold requested Officer Clark's assistance and told Officer Clark that one of the young men—probably described sufficiently to identify him as Quentez—had pulled down his pants and shown his back side to Mr. Arnold. Precisely what else Mr. Arnold told Officer Clark is unclear. Whether Quentez actually pulled down his pants is disputed, but Mr. Arnold's report is not.

Mr. Arnold's report provided a sufficient basis for Officer Clark to stop Quentez. *See*, *e.g.*, *Illinois v. Wardlow*, 528 U.S. 119, 123-24 (2000); *Terry v. Ohio*, 392 U.S. 1, 30 (1968); *see also* Fla. Stat. § 901.151 (codifying *Terry*). It also provided a sufficient basis to stop the other three members of the group.

The Supreme Court and Eleventh Circuit have recognized an officer's ability, in appropriate circumstances, to detain not only a person about whom there is reasonable suspicion, but also others who accompany the person. *See*, *e.g.*, *Maryland v. Wilson*, 519 U.S. 408, 414-15 (1997); *United States v. Lewis*, 674 F.3d 1298, 1305-09 (11th Cir. 2012); *United States v. Clark*, 337 F.3d 1282, 1286-88 (11th Cir. 2003); *Hudson v. Hall*, 231 F.3d 1289, 1297 (11th Cir. 2000); *cf. Michigan v. Summers*, 452 U.S. 692, 704-05 (1981). To be sure, each of the cited

cases involved circumstances establishing a greater apparent threat to the officer than was present here. But here there was a circumstance providing a basis to detain each member of the group that was not present in the cited cases: here the encounter took place on private property in circumstances where the officer, with the property owner's authorization, was entitled to issue a trespass warning.

The detention therefore was lawful. And even more clearly, Mr. Clark has qualified immunity from the *federal* detention claim, because there was not—and still is not—any clearly established law to the contrary. *See Malley v. Briggs*, 475 U.S. 335, 341 (1986) (noting that qualified immunity applies to damages claims against public officers and protects "all but the plainly incompetent or those who knowingly violate the law"); *see also Hope v. Pelzer*, 536 U.S. 730 (2002); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

B

The plaintiffs' claims for intentional infliction of emotional distress fail because even if Officer Clark did everything the plaintiffs accuse him of, his actions did not rise to the level of outrageousness required for this tort. Moreover, as the plaintiffs acknowledged at the summary-judgment hearing, the claim is superfluous; the claim will require additional jury instructions but otherwise will not affect the trial or its outcome. The judgment ultimately will be the same with or without the intentional-infliction claim.

C

The outcome is different on the use-of-force claims. Officer Clark says Quentez and Joshua failed to comply with his directives and that he used force only as necessary to control the situation. If that is what happened, Officer Clark's use of force was lawful. But there is contrary sworn eye-witness testimony—testimony that Quentez and Joshua, as well as the other young men, were doing as they were told. The defendants say in effect that their evidence is more credible. But a judge cannot properly weigh the evidence and make credibility choices on a summary-judgment motion.

III

A city is liable under § 1983 for a constitutional violation only if the violation was based on a city policy or custom or the employee who committed the violation is one whose edicts or acts may fairly be said to represent official policy. *See*, *e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). An officer in the field deciding whether to detain a person, whether to use force, and how much force to use ordinarily is not a person whose edicts or acts represent official policy. The plaintiffs have alleged not a single other incident similar to this one; there is no pattern that shows a city policy or custom. The plaintiffs say the City failed to conduct a sufficient investigation after these events or to discipline Officer Clark and that the City therefore ratified Officer Clark's actions. But without a greater

showing than the plaintiffs have made here, this ratification theory fails as a matter of law.  The City is entitled to summary judgment on the § 1983 claims.

A city may be vicariously liable under state law for an employee's tortious act, but not if the employee "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."  Fla. Stat. § 768.28(9)(a).  The City does not assert that an officer who uses excessive force always acts in bad faith, maliciously, or wantonly and willfully.  The state-law claims against the City thus survive summary judgment to the same extent as the claims against Officer Clark.  The City is entitled to summary judgment on the detention claims, but not on the excessive-force claims.

IV

The plaintiffs' § 1983 claims against IPC fail for the same reason as their § 1983 claims against the City.  IPC, like the City, can be held liable only under the *Monell* standards, which the plaintiffs have not met.

The plaintiffs' state-law claims against IPC fail because Officer Clark was not an IPC employee or agent; he was an independent contractor.  *See F.T. Blount Funeral Home v. City of Tampa*, 627 So. 2d 1272, 1273-75 (Fla. 1st DCA 1993) (holding in similar circumstances that an officer was an independent contractor, not an employee); *Cantor v. Cochran*, 184 So. 2d 173, 174-75 (Fla. 1966) (setting out the standards that guide the decision whether a person is an employee or

independent contractor); *Miami-Dade Cnty. v. State Dep't of Labor & Emp't Sec.*, 749 So. 2d 574, 577-58 (Fla. 3d DCA 2000).

V

For these reasons,

IT IS ORDERED:

1. The summary-judgment motions of the City and Officer Clark, ECF Nos. 32 & 39, are GRANTED IN PART.  The detention claims and intentional-infliction-of-emotional-distress claims against the City and Officer Clark are dismissed with prejudice.  The federal use-of-force claims against the City are dismissed with prejudice.  The federal use-of-force claims against Officer Clark and the state-law use-of-force claims against the City and Officer Clark remain pending.

2. IPC's summary-judgment motion, ECF No. 42, is GRANTED.  All claims against IPC are dismissed with prejudice.

3. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

SO ORDERED on May 18, 2012.

            s/Robert L. Hinkle
            United States District Judge