IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSHUA J. RUFFIN et al.,

    Plaintiffs,

v.                                    CASE NO.   4:11cv344-RH/WCS

CITY OF TALLAHASSEE et al.,

    Defendants.

_____/

**PRETRIAL ORDER**

This order confirms and adds to the rulings announced on the record of the pretrial conference on May 15, 2012.

IT IS ORDERED:

1. The trial remains set for June 4, 2012.  An attorney conference will begin at 8:15 a.m., followed immediately by jury selection.  The remainder of the trial will begin on Wednesday, June 6, 2012.  Jury selection may be combined with one or more other cases.

2. Unless otherwise ordered before the striking of the jury begins, each side will have three peremptory challenges.

3. By May 29, 2012, a party may file a proposal for voir dire questions by the court. At the trial, a party may orally request voir dire questions by the court. After the court's voir dire, a party may ask its own voir dire questions, but they must be reasonably calculated to develop information for use in exercising cause or peremptory challenges and must *not* include questions intended solely or primarily to establish a relationship with the jurors, condition the jurors, inform the jurors of the facts or issues in the case, elicit an agreement from the jurors on the facts or law or a possible verdict, or argue the case.

4. By May 29, 2012, a party must give notice of the pages and lines of deposition testimony the party will introduce at trial. By May 31, 2012, a party so notified must give notice of any other part of the deposition the party wishes to have introduced at the same time. By June 1, 2012, a party must give notice of any objection to the introduction of deposition testimony identified under this paragraph. An objection or disagreement must be brought to the court's attention by the time of the attorney conference on the morning of jury selection. Notice under this paragraph must be given to each other party but need not be filed. Nothing in this paragraph affects the use of a deposition for impeachment of a testifying witness.

5. An exhibit offered at the trial (a) may be numbered in accordance with the exhibit list submitted as part of the pretrial stipulation, or (b) may be numbered in

accordance with a more recent exhibit list filed with the consent of all parties. The pages of an exhibit must be numbered, or other means must be readily available for identifying each page. An exhibit must not be renumbered except as authorized by this paragraph.

      6. Every exhibit (or an exact copy) *must* be provided to the attorney for each other party by May 25, 2012, and must be read by an attorney for each other party by May 30, 2012. A party may file a notice of additional objections to exhibits—setting out objections on grounds that first became apparent from the exchange and review of exhibits required by this paragraph—by June 1, 2012. An objection not noted in the pretrial stipulation or in a timely notice of additional objections will be deemed waived.

      7. Materials that a party proposes to show the jury in opening statement must be disclosed in advance to an attorney for each other party.

      8. The defendants' motion in limine seeking to exclude testimony of a plaintiff or others about a doctor's statement or the cause or extent of a plaintiff's injuries, ECF No. 59 sections I and II, is DENIED. The plaintiff Joshua J. Ruffin may testify to his own physical condition, including on the basis of a doctor's statement, to the extent the information is of a kind that a patient ordinarily understands about himself. A witness may testify to a doctor's statement if relevant and admissible whether or not true—including, for example, on the issue

of damages. A witness may testify on a plaintiff's injuries or condition to the extent supported by an adequate foundation, such as, for example, observing the plaintiff before and after the injuries, or hearing a plaintiff's statement that is within the hearsay exceptions set out in Federal Rule of Evidence 803(1), (2), or (3).

      9. The defendants' motion in limine seeking to exclude the post-incident medical records of Drs. Ways and Mauro, ECF No. 59 section III, is DENIED.

      10. The defendants' motion in limine seeking to exclude evidence of Officer Clark's use of a racial epithet on the night of the events at issue, ECF No. 59 section IV, is DENIED.

      11. The defendants' motion in limine seeking to exclude the disciplinary history of Officer Clark, ECF No. 59 section V, is GRANTED by consent. Unless authorized on a request made outside the jury's hearing, any proposed or actual discipline, or the possibility of discipline, including for the events at issue in this case, must not be mentioned in the jury's hearing or suggested to the jury in any way.

      12. The defendants' motion in limine seeking to exclude citizen complaints and comments of mall patrons or other onlookers, ECF No. 59 sections VI and VII, is GRANTED by consent. Unless authorized on a request made outside the jury's hearing, these must not be mentioned in the jury's hearing or suggested to the jury

Case 4:11-cv-00344-RH-CAS   Document 75   Filed 05/18/12   Page 5 of 8

Page 5 of 8

in any way: citizen complaints or comments, mall-patron comments, or onlooker comments.

    13. The defendants' motion in limine seeking to exclude evidence of any investigation—or the absence of investigation—of the events at issue, ECF No. 59 section VIII, is GRANTED by consent.  Unless authorized on a request made outside the jury's hearing, these must not be mentioned in the jury's hearing or suggested to the jury in any way: any investigation of the events at issue, or the absence of investigation of the events at issue.

    14. The defendants' motion in limine seeking to exclude evidence that Officer Clark followed plaintiffs to the hospital, ECF No. 59 section IX, is GRANTED by consent.  Unless authorized on a request made outside the jury's hearing, the possibility that Officer Clark went to the hospital on the night of the events at issue must not be mentioned in the jury's hearing or suggested to the jury in any way.

    15. The defendants' motion in limine seeking to exclude doctors' testimony, ECF No. 60, is DENIED.  The defendants may depose any doctor on the plaintiffs' witness list at a reasonable time not later than June 2, 2012.  The plaintiffs have said they will not offer any doctor's opinion on the need for future medical care.  An objection during the trial to a doctor's testimony will be sustained if the

plaintiffs failed to make a timely disclosure for the testimony under Federal Rule of Civil Procedure 26(a)(2)(C)(ii) and a disclosure was required.

16. Officer Clark's motion to bifurcate the trial, ECF No. 62, is DENIED as moot.

17. Officer Clark's motion in limine seeking a ruling allowing the admission of testimony of Steven Outlaw, ECF No. 68, is GRANTED. The defendants have said they do not intend to offer any testimony by Mr. Outlaw that Officer Clark acted in accordance with his training or the City's policies.

18. The defendants' motion in limine seeking to exclude hearsay testimony about "the alleged stripping of Joshua's pants and his subsequent treatment," ECF No. 71 section I, is GRANTED IN PART. A witness may testify about these matters based on personal knowledge or based on hearing a statement that is admissible under Federal Rule of Evidence 803(1), (2), or (3), but not based on hearing any other statement.

19. The defendants' motion in limine seeking to exclude testimony of Marilyn Ruffin's mother or daughter, ECF No. 71 sections II and III, is DENIED.

20. The defendants' motion in limine seeking to exclude hearsay testimony of Monta Scott-Rouise's mother, ECF No. 71 section IV, is GRANTED. Unless authorized on a request made outside the jury's hearing, Mr. Scott-Rouise's

mother's statements must not be mentioned in the jury's hearing or suggested to the jury in any way.

21. The defendants' motion in limine seeking to exclude testimony about Quentez Ruffin's statements, ECF No. 71 section V, is DENIED without prejudice to a contemporaneous objection at trial. The statements will be admitted if within Federal Rule of Evidence 803(1), (2), or (3).

22. The defendants' motion in limine seeking to exclude testimony about statements of police officers at the mall about Joshua Ruffin's condition, ECF No. 71 section VI, is GRANTED IN PART. Testimony about statements by Officer Clark is not excluded. Unless authorized on a request made outside the jury's hearing, these must not be mentioned in the jury's hearing or suggested to the jury in any way: any other officer's statement; and an officer's statement that it would be "unusual that both [Ruffins] have injuries."

23. The defendants' motion in limine seeking to exclude evidence about an absence of prior trespass warnings, ECF No. 71 section VII, is GRANTED. Unless authorized on a request made outside the jury's hearing, these must not be mentioned in the jury's hearing or suggested to the jury in any way: that any of the four young men detained by Officer Clark did or did not have prior trespass warnings, or that anyone did or did not know it.

24. The defendants' motion in limine seeking to exclude evidence of advice given by Marilyn Ruffin to her sons, ECF No. 71 section VIII, is GRANTED IN PART. Unless authorized on a request made outside the jury's hearing, these must not be mentioned in the jury's hearing or suggested to the jury in any way: Ms. Ruffin's testimony about advice she gave her sons. This does not exclude testimony by Joshua Ruffin that he took actions on the night at issue because of Ms. Ruffin's advice. Any such testimony will open the door to full cross-examination on Joshua Ruffin's adherence to his mother's advice, including actions on other occasions.

25. The defendants' motion, ECF No. 72, to strike portions of Marilyn Ruffin's affidavit, ECF No. 59-3, is DENIED as moot. The inadmissible portions of the affidavit have been ignored.

SO ORDERED on May 18, 2012.

s/Robert L. Hinkle
United States District Judge